1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SALGUERO SMITH, | CASE NO. C13-5227 RJB |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| MARIAN M GATES, | |
| Defendant. | |

11

12

13

14

15

16     This matter comes before the court on plaintiff's response (Dkt. 4) to the court's Order to

17  Show Cause (Dkt. 3).  The court has considered the relevant documents and the remainder of the

18  file herein.

19     *Procedural History*.  On March 26, 2013, plaintiff filed a complaint, alleging that he

20  reported irregular withdrawal activity to a bank, that his accounts were locked without his being

21  notified, and that he was unable to access funds.  Dkt. 1.  On March 28, 2013, the court issued an

22  Order to Show Cause why this case should not be dismissed for lack of jurisdiction.  Dkt. 3.  On

23  April 1, 2013, plaintiff filed a response to the Order to Show Cause.  Dkt. 4.

24

1     *Review of Pleadings*.   When a plaintiff proceeds *pro se*, the district court is required to

2   afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the

3   complaint and argued to the district court.  *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008),

4   *citing Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim-Panahi v. Los*

5   *Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(pleadings of *pro se* civil rights plaintiff

6   to be construed liberally, affording plaintiff benefit of any doubt).  The court has carefully

7   reviewed all of the documents in the file, and has attempted to construe plaintiff's pleadings to

8   afford him the benefit of any doubt.

9     *Jurisdiction.*  A federal court is presumed to lack subject matter jurisdiction until a

10   plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375

11   (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore,

12   the plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*,

13   873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733

14   (9th Cir. 1979); *Association of Am. Med. Colls. v. United States,* 217 F.3d 770, 778 (9th Cir.

15   2000).

16     Regarding diversity of citizenship, the complaint alleges that jurisdiction is based upon

17   diversity of citizenship, with an amount in controversy that exceeds $75,000.  Dkt. 1, at 3.  28

18   U.S.C. § 1332 provides in relevant part as follows:

19      (a)  The district courts shall have original jurisdiction of all civil actions where the matter
        in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
20      between–
          (1) citizens of different States;
21         (2) citizens of a State and citizens or subjects of a foreign state;
          (3) citizens of different States and in which citizens or subjects of a foreign state
22      are additional parties; and
          (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens
23      of a State or of different States.

24

1       Plaintiff stated that the bank at issue is Chase Manhattan Bank (Chase).  Dkt. 4.

2 Apparently, Ms. Gates is an administrator or executive with Chase.  Arguably, the parties are

3 citizens of different states.  Regarding the amount in controversy, plaintiff stated that he

4 deposited more than $47,000 from his T.Rowe-Price 401(k) plan this year, and that this amount

5 was used to replace $110,000 that had been coerced and stolen from him by an automotive

6 dealership.  To the extent the court can tell, the amount that was frozen by the bank is $47,000.

7 That does not meet the requirement that the amount in controversy exceed $75,000.  It does not

8 appear that the court may exercise jurisdiction on the basis of diversity of citizenship under 28

9 U.S.C. § 1332.

10       Regarding federal question jurisdiction, plaintiff stated that defendant acted under color

11 of state and federal law when his bank accounts were frozen.  Plaintiff has not alleged that any

12 defendant acted under color of state law, or that the conduct by defendants violated any federal

13 law.  It does not appear that the court may exercise jurisdiction on the basis of federal questions

14 jurisdiction pursuant to 28 U.S.C. § 1331.

15       Plaintiff has not shown that this court has jurisdiction over the claims at issue in this case.

16 Accordingly, the court should dismiss this case on the basis that it lacks jurisdiction.

17       *Merits of Complaint*.  Even if the court could somehow interpret the complaint (Dkt. 1)

18 and response to the Order to Show Cause (Dkt. 4) in a way that would confer jurisdiction, the

19 matter is subject to dismissal.

20       A federal court may dismiss as case *sua sponte* pursuant to Fed.R.Civ.P. 12(b)(6) when it

21 is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v.*

22 *Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua*

23 *sponte* under Fed.R.Civ.P. 12(b)(6). Such a dismissal may be made without notice where the

24

1   claimant cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S.

2   296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss

3   frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint

4   is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221,

5   1228 (9th Cir. 1984).

6          Plaintiff apparently alleges that employees of an automobile dealership in Fife,

7   Washington, sold or conveyed to him several automobiles; took automobiles from him as trade-

8   ins; accompanied him to his bank; and collaborated with bank employees to withdraw funds

9   from his accounts and obtain cashier's checks. Dkt. 4.  Plaintiff contends that the bank froze his

10  account, so that he has been unable to access his funds.  The facts alleged do not state a claim for

11  relief, under federal law.

12         This case has no arguable basis in law or fact, giving rise to federal jurisdiction.  The

13  complaint should be dismissed without prejudice as frivolous and for failure to state a federal

14  claim.

15         *Future Filings*.  Other than a Notice of Appeal, any filings in this case in the future will

16  be docketed by the Clerk but will not acted upon by the court.

17

18         Accordingly, this case is **DISMISSED** on the basis of lack of subject matter jurisdiction,

19  or, in the alternative, as frivolous and for failure to state a federal claim.  Other than a Notice of

20  Appeal, any filings in this case in the future will be docketed by the Clerk but will not acted upon

21  by the court.

22         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

23  to any party appearing *pro se* at said party's last known address.

24

ORDER DISMISSING CASE- 4

1        Dated this 4th day of April, 2013.

2

3                                    _____

4                                    ROBERT J. BRYAN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DISMISSING CASE- 5